An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-806

Filed 4 June 2025

Randolph County, No. 21CRS053240-750

STATE OF NORTH CAROLINA

v.

KEITH ELLIS

Appeal by defendant from judgments entered 6 October 2023 by Judge James P. Hill, Jr., in Randolph County Superior Court. Heard in the Court of Appeals 18 March 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Sondra C. Panico, for the State.*
>
> *William D. Spence for defendant-appellant.*

ZACHARY, Judge.

Defendant Keith Ellis appeals from the trial court's judgments entered upon a jury's verdicts finding him guilty of two counts of statutory sex offense with a child by an adult. On appeal, Defendant raises a number of arguments regarding various errors that he contends were committed by the trial court. After careful review, we conclude that Defendant received a fair trial, free from error.

## I. Background

At trial, the State's evidence tended to show the following: Defendant sexually abused his granddaughter, "Ann,"[1] in Randolph County around 2017–2018, when she was in third grade. He sexually abused her again in January 2020 in Guilford County. On both occasions, Defendant had been drinking and entered the room where Ann was resting; he then groped Ann, pulled her clothes down, digitally penetrated her, and performed analingus on her.

Ann reported the Guilford County incident to her mother, who notified the Greensboro Police Department. Ann told her great-aunt about the earlier instance of sexual abuse in Randolph County; her great-aunt conveyed this information to Ann's mother, who notified the Greensboro Police Department about these additional allegations. Ann underwent two forensic interviews regarding Defendant's sexual abuse.

On 4 October 2021, a Randolph County grand jury returned a true bill of indictment charging Defendant with two counts of statutory sex offense with a child by an adult based on the sexual abuse that occurred in Randolph County.[2]

Following pretrial motions, Defendant's case came on for trial on 2 October

---

[1] To protect her identity, we refer to the minor child by the pseudonym to which the parties stipulated. *See* N.C.R. App. P. 42(b).

[2] For clarification, we note that "the incident in Randolph [County] actually occur[red] first in time but [wa]s reported second" and was the basis for Defendant's trial and his subsequent appeal to this Court.

2023 in Randolph County Superior Court. Defense counsel made a motion to dismiss the charges at the close of the State's evidence and renewed it at the close of all evidence; the trial court denied the motion both times.

On 5 October 2023, the jury returned verdicts finding Defendant guilty of both counts of statutory sex offense with a child by an adult: one count based on penetration and the other based on analingus. The next day, the trial court entered judgments sentencing Defendant to serve two concurrent terms of 317 to 441 months' imprisonment in the custody of the North Carolina Department of Adult Correction.

Defendant entered oral notice of appeal.

## II.    Discussion

On appeal, Defendant asserts that "the trial court erred and committed plain error" by admitting evidence that he sexually abused Ann in Guilford County, "in violation of Rule[s] 403 and 404(b) of the North Carolina Rules of Evidence." Defendant next contends that "the trial court erred in refusing to grant [his] motion to dismiss the charge of engaging in a sex offense with a child under 13 by 'analingus.' " Finally, Defendant argues that the trial court committed plain error by instructing the jury that it "could convict [him] of two identical crimes based on a single transaction"; in the alternative, Defendant contends that the trial court committed either prejudicial or plain error "in sentencing [him] on both convictions when they arose during a single transaction."

### A.  Rules 403 and 404(b)

First, Defendant argues that the trial court committed prejudicial and plain error "by admitting the State's evidence of a sexual event that occurred in [Guilford County] 3 years after the charges upon which [he] was being tried" in violation of Rules 403 and 404(b) of the North Carolina Rules of Evidence.

### 1. *Rule 404(b)*

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." N.C. Gen. Stat. § 8C-1, Rule 404(b) (2023). "It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." *Id.*

This Court has "characterized Rule 404(b) as a general rule of *inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but *one exception* requiring its exclusion"—namely, "if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Gray*, 210 N.C. App. 493, 496, 709 S.E.2d 477, 481 (2011) (cleaned up), *disc. review denied*, 365 N.C. 555, 723 S.E.2d 540 (2012).

Importantly, our appellate courts have "been liberal in allowing evidence of similar offenses in trials on sexual crime charges." *State v. Frazier*, 344 N.C. 611, 615, 476 S.E.2d 297, 300 (1996). "The test for determining whether such evidence is admissible is whether the incidents establishing the common plan or scheme [under Rule 404(b)] are sufficiently similar and not so remote in time as to be more probative

than prejudicial under the balancing test of . . . Rule 403." *Id.* at 615, 476 S.E.2d at 299.

"[A] prior act or crime is 'similar' if there are some unusual facts present in both crimes." *Gray*, 210 N.C. App. at 499, 709 S.E.2d at 482 (cleaned up); *accord State v. Pabon*, 380 N.C. 241, 259, 867 S.E.2d 632, 644 (2022). However, the facts need not "rise to the level of the unique and bizarre." *Pabon*, 380 N.C. at 259, 867 S.E.2d at 644 (citation omitted).

"Once a trial court determines that the requirements of Rule 404(b) have been met, it must then balance the danger of undue prejudice against the probative value of the evidence, pursuant to Rule 403." *State v. Gillard*, 386 N.C. 797, 811, 909 S.E.2d 226, 245 (2024) (cleaned up). "When the trial court has made findings of fact and conclusions of law to support its 404(b) ruling, we look to whether the evidence supports the findings and whether the findings support the conclusions." *Id.* (citation omitted). "We review de novo the legal conclusion that the evidence is, or is not, within the coverage of Rule 404(b)." *Id.* (citation omitted).

During a hearing on pretrial motions, the trial court heard arguments from counsel regarding the admissibility of evidence of the sexual abuse that Defendant committed against Ann in Guilford County and the subsequent charges brought against him:

> [THE STATE]: Your Honor, [Defendant] was charged previously with a statutory sex offense and indecent liberties with a child in Guilford County with the same

victim as in our case. I believe he -- that case has been disposed of. I think it was an Alford plea. I'd have to check for sure if it was an Alford plea to indecent liberties. Certainly, we're not intending unless [Defendant] is going to testify, to bring in the conviction, Your Honor. We are -- I think it's from the State's perspective fairly unavoidable that we -- that we bring in the -- what happened in Guilford County. And I can elaborate sort of on how it's sort of all the same chain of events or contexts. But --

[DEFENSE COUNSEL]: I don't believe it's allowable, you know, under 404(b). I think it's prejudicial, and I think the prejudice outweighs the probative value. You can't use evidence in another case [to] make up for evidence deficiencies in a similar case.

. . . .

[THE STATE]: . . . I think in terms of 404(b), I think it meets a number of the exceptions, whether it's modus operandi, or intent, or common scheme or plan, but it's the same victim about a year, two year's time difference, fairly close[ ] to the exact allegation in each case.

The next day, the trial court conducted a voir dire on the Rule 404(b) evidence, during which Ann testified. The court then announced its ruling:

These incidents have commonality or similarity in that Defendant would be in the position supervising the witness and her siblings were the mother not present; both incidents occurred in a bedroom in a bed, that the manner in which Defendant touched the witness . . . was the same on each occasion, on both occasions; that . . . Defendant was consuming alcohol. This was during a period of time when . . . Defendant was visiting with family members, meaning the witness'[s] family, and that these occurred within 2.5 years of each other.

. . . .

The [c]ourt determines that the evidence that has been presented during this hearing satisfies Rule 404(b) for admissibility regarding common plan or scheme. Further, the [c]ourt has performed an analysis pursuant to Rule 403 and determines that undue delay, waste of time, [and] needless presentation of cumulative evidence are not risks that are implicated by any such evidence, that risks that are implicated to an extent are confusion of issues, misleading of the jury, and unfair prejudice. The [c]ourt finds that the probative value of the evidence is high, further that the evidence is clear as found previously by the [c]ourt.

Further, that there is a strong logical link between the evidence and what the evidence is offered to prove, which is common plan or scheme, and further that the witness is credible and positive.

In weighing Rule 403, balancing analysis, the [c]ourt determines that the risks the [c]ourt has identified do not substantially outweigh the probative value of the evidence, and after performing said analysis in the exercise of discretion[,] the [c]ourt will allow the other bad act evidence.

On direct examination, Ann testified without objection as to the incident of sexual abuse in Guilford County. During the jury charge, the trial court delivered a limiting instruction regarding this evidence:

Evidence has been received tending to show that . . . Defendant committed an act similar to the crime here charged afterwards in Guilford County, North Carolina. This evidence was received solely for the purpose of showing that there existed in the mind of . . . Defendant, a plan, scheme, system, or design involving . . . the crime charged in this case. If you believe this evidence, you may consider it, but only for the limited purpose for which it was received. You may not consider it for any other purpose.

Defendant acknowledges that he failed to object below to the evidence of the Guilford County incident; accordingly, he asks this Court to conduct plain-error review of his appellate challenges to this evidence pursuant to Rules 404(b) and 403. Specifically, Defendant contends "that the trial court erred in allowing the jury to hear evidence of a subsequent sexual event between [D]efendant and Ann that occurred in Guilford County 2 or 3 years after the event in Randolph County, which served as the basis for this appeal" because "the Guilford County event was not sufficiently similar to the Randolph County event, and because its only purpose was to portray [D]efendant's bad character and imply his propensity to act in conformity with his bad character." The State responds that "the trial court properly admitted the evidence of the [Guilford County] incident under Rule 404(b), as evidence of a common plan or scheme by [D]efendant." We agree with the State.

"[T]he correct analysis for the admissibility of Rule 404(b) evidence involves focusing on the similarities and not the differences between the two incidents." *State v. Pickens*, 385 N.C. 351, 359, 893 S.E.2d 194, 200 (2023). "Our Rule 404(b) standard does not require identical or even near-identical circumstances between the charged offense and the prior bad act for evidence of the prior bad act to be admissible." *Gillard*, 386 N.C. at 815, 909 S.E.2d at 247 (citation omitted). Indeed, "all that is required is some logical connection in both the prior bad act and the charged crime." *Id.*

Here, the Randolph and Guilford County incidents involved similar allegations

of Defendant's sexual abuse of Ann. The State presented evidence through Ann's consistent testimony that, *inter alia*, Defendant sexually abused Ann on both occasions by digitally penetrating her vagina and "lick[ing] from [her] vaginal area to [her] butt." Furthermore, in both instances, Ann was resting when Defendant—who had been drinking—entered the room and began groping her and pulling down her clothes. Based on the facts of both incidents, "the trial court correctly concluded that [D]efendant's prior acts against [Ann] and the charged crime were close enough in proximity of time and similarity of facts to demonstrate a common scheme or plan." *Id.* (cleaned up). As such, the trial court did not err in admitting the unchallenged Rule 404(b) evidence.

### 2. *Rule 403*

Again, Defendant acknowledges his failure to object to the admission of this evidence and seeks plain-error review. He "contends that the trial court abused [its] discretion in concluding that the probative value was outweighed by its prejudicial effect under Rule 403," in that "the only effect of the Guilford County event was to indicate to the jury that [D]efendant had the propensity to sexually assault his granddaughter."

Even where Rule 404(b) evidence is admitted for a proper purpose, Rule 403 provides, *inter alia*, that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." N.C. Gen. Stat. § 8C-1, Rule 403. "It goes without saying that evidence probative of the State's case is always

prejudicial to the defendant, but this is not the threshold for exclusion." *Gillard*, 386 N.C. at 816, 909 S.E.2d at 248 (cleaned up). "Rather, it must be unfairly prejudicial in that it has an undue tendency to suggest decision on an improper basis." *Id.* (cleaned up).

However, "plain error review is unavailable for issues that fall within the realm of the trial court's discretion, such as Rule 403 determinations." *Id.* at 821, 909 S.E.2d at 251 (cleaned up); *see also State v. Steen*, 352 N.C. 227, 256, 536 S.E.2d 1, 18 (2000) ("[T]his Court has not applied the plain error rule to issues which fall within the realm of the trial court's discretion, and we decline to do so now."), *cert. denied*, 531 U.S. 1167, 148 L. Ed. 2d 997 (2001). We therefore decline to review Defendant's Rule 403 argument for plain error.

We conclude that the trial court properly allowed evidence of Defendant's prior bad act—a previous sexual offense against Ann in Guilford County—under Rule 404(b) to demonstrate a common plan or scheme. *See* N.C. Gen. Stat. § 8C-1, Rule 404(b). As Defendant has not preserved his argument pertaining to Rule 403, we proceed to address his remaining arguments.

**B. Motion to Dismiss**

Defendant's next argument is that "the trial court erred in refusing to grant [his] motion to dismiss the charge of engaging in a [statutory] sex offense with a child . . . by 'analingus.' "

*1. Standard of Review*

"Our Court reviews the trial court's denial of a motion to dismiss de novo." *State v. Bauguss*, 265 N.C. App. 33, 36, 827 S.E.2d 127, 130 (2019) (cleaned up and italics omitted). "Upon [the] defendant's motion for dismissal, the question for the [c]ourt is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of [the] defendant's being the perpetrator of such offense." *Id.* (citation omitted). "If so, the motion is properly denied." *Id.* (citation omitted).

"Substantial evidence exists if there is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 36, 827 S.E.2d at 131 (cleaned up). "In this determination, all evidence is considered in the light most favorable to the State, and the State receives the benefit of every reasonable inference supported by that evidence." *State v. Middleton*, ___ N.C. App. ___, ___, 910 S.E.2d 757, 762 (2025) (citation omitted). "Put another way, if there is more than a scintilla of competent evidence to support the allegations in the warrant or indictment, it is the court's duty to submit the case to the jury." *Gillard*, 386 N.C. at 832, 909 S.E.2d at 258 (cleaned up). "The terms 'more than a scintilla of evidence' and 'substantial evidence' are in reality the same and simply mean that the evidence must be existing and real, not just seeming or imaginary." *Id.* (citation omitted).

### 2. Analysis

Defendant argues that "Ann's testimony referring to her 'butt,' rather than 'anal opening,' was insufficient to prove 'analingus.' " We disagree.

" '[A]nalingus' does not require penetration by the tongue, but requires only the stimulation of the anal opening by the tongue or lips." *State v. White*, 101 N.C. App. 593, 606, 401 S.E.2d 106, 113, *appeal dismissed and disc. review denied*, 329 N.C. 275, 407 S.E.2d 852 (1991).

At trial, Ann testified repeatedly that Defendant "licked [her] butt." Defense counsel made a motion to dismiss the charges at the close of the State's evidence and renewed the motion at the close of all evidence, which the trial court denied both times.

On appeal, Defendant contends that Ann's trial testimony was "insufficient to prove a violation of [N.C. Gen. Stat. §] 14-27.28 by 'analingus' " in that "[t]estimony that [D]efendant licked Ann's butt is not the equivalent of 'stimulating the anal opening by the tongue or lips.' It is submitted that the 'anal opening' is different from the 'butt.' "

This Court addressed a similar argument in *State v. Sprouse*, 217 N.C. App. 230, 719 S.E.2d 234 (2011), *disc. review denied*, 365 N.C. 552, 722 S.E.2d 787 (2012). In *Sprouse*, the defendant "maintain[ed] the State did not present proof of anal penetration sufficient to establish anal intercourse" based on "the proposition that the State was required to prove actual penetration of [the minor child]'s anal opening, rather than merely her 'butt' or buttocks." 217 N.C. App. at 236, 719 S.E.2d at 240. This Court, however, was not persuaded; rather, we concluded that "[t]aken as a totality, [the minor child]'s testimony was substantial evidence from which a jury

could find that [the] defendant penetrated the anal opening during the incident." *Id.* at 237, 719 S.E.2d at 240.

In the present case, Ann testified that Defendant "came into [her] room, pulled [her] pants down and touched [her] vaginal area with his hand, and then he licked from [her] vaginal area to [her] butt." On direct examination, Ann confirmed that "he licked both" her "butt and [her] vaginal area." Ann also verified during cross-examination that Defendant "licked [her] butt."

"Taken as a totality, [Ann]'s testimony was substantial evidence from which a jury could find that [D]efendant [committed statutory sex offense with a child by analingus] during the incident." *Id.* A careful review of the transcript reveals that Ann's testimony at trial provided substantial evidence "(1) of each essential element of [statutory sex offense with a child by analingus], and (2) of [D]efendant's being the perpetrator of such offense." *Bauguss*, 265 N.C. App. at 36, 827 S.E.2d at 130 (citation omitted). Thus, viewed in the light most favorable to the State, the trial court properly denied Defendant's motion to dismiss the charge of statutory sex offense with a child by analingus.

### C. Jury Charge

Finally, Defendant argues that the trial court committed plain error "in charging the jury on two separate crimes, to wit: (1) sexual offense with a child based on 'digital penetration,' and (2) sexual offense with a child based on 'analingus' because both acts occurred as part of a single event/transaction."

### 1. *Standard of Review*

In criminal cases, certain evidentiary and instructional issues that were not properly preserved by objection at trial and that are not otherwise "deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(a)(4). Defendant acknowledges that he did not object to the jury instructions at trial. Now, Defendant "specifically and distinctly contend[s]" that the trial court's instructions to the jury amounted to plain error, and he seeks plain error review. *Id.*

"For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial." *State v. Jackson*, 293 N.C. App. 135, 140, 899 S.E.2d 399, 403 (2024) (citation omitted). "[T]o show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." *Id.* (cleaned up). "In deciding whether a defect in the jury instruction constitutes plain error, the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." *State v. Coleman*, 200 N.C. App. 696, 706, 684 S.E.2d 513, 520 (2009) (cleaned up), *disc. review denied*, 364 N.C. 129, 696 S.E.2d 527 (2010).

### 2. *Analysis*

Defendant contends that "[t]here was only a single violation of [N.C. Gen. Stat.

§] 14-27.28" in that "[t]he acts of digital penetration and analingus[ ] were merely acts in a single transaction, that, if believed by the jury, would support a guilty verdict of only one crime of [statutory] sex [offense] with a child." The State responds that "[t]he trial court properly instructed the jury on two separate counts of sexual offense, one for vaginal digital penetration and one for analingus, which were two separate transactions requiring proof of separate facts." We agree with the State.

N.C. Gen. Stat. § 14-27.28 provides, in relevant part, that "[a] person is guilty of statutory sexual offense with a child by an adult if the person is at least 18 years of age and engages in a sexual act with a victim who is a child under the age of 13 years." N.C. Gen. Stat. § 14-27.28(a). Our General Statutes define a "sexual act" as "[c]unnilingus, fellatio, analingus, or anal intercourse . . . . Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body." *Id.* § 14-27.20(4).

"Our courts have previously held that a defendant may be found guilty of multiple crimes arising from the same conduct so long as each crime requires proof of an additional or separate fact." *State v. James*, 182 N.C. App. 698, 704, 643 S.E.2d 34, 38 (2007). Indeed, "[t]he distinctive character of the acts is not altered because all . . . occurred within a short time span." *Id.* at 705, 643 S.E.2d at 38.

Here, Defendant was indicted for two counts of statutory sex offense with a child by an adult. At trial, the court charged the jury on the first count—based on digital penetration—as follows:

> . . . Defendant has been charged with statutory sexual offense with a child by an adult. This references count one.
>
> For you to find . . . Defendant guilty of this offense, the State must prove three things beyond a reasonable doubt: First, that . . . Defendant engaged in a sexual act with the alleged victim. A sexual act means any penetration, however slight, by an object into the genital opening of a person's body. Second, that at the time of the acts, the alleged victim was a child under the age of 13 years. And, third, that at the time of the acts . . . Defendant was at least 18 years of age. If you find from the evidence beyond a reasonable doubt that between 01 August 2017 and 31 May 2018 . . . Defendant engaged in a sexual act, penetration however slight by an object into the genital opening, with the alleged victim, who was a child under the age of 13 years and that . . . Defendant was at least 18 years of age, then it would be your duty to return a verdict of guilty.

The trial court then instructed the jury on the second count, based on analingus:

> . . . Defendant has been charged with statutory sexual offense with a child by an adult. This is in reference to count two. For you to find . . . Defendant guilty of this offense, the State must prove three things beyond a reasonable doubt. First, that . . . Defendant engaged in a sexual act with the alleged victim. A sexual act means an[a]lingus, which is any touching by the lips or tongue of one person and the anus of another. Second, that at the time of the act, the alleged victim was a child under the age of 13 years, and, third, that at the time of the act . . . Defendant was at least 18 years of age.
>
> If you find from the evidence beyond a reasonable doubt that between 01 August 2017 and 31 May 2018, . . . Defendant engaged in a sexual act, an[a]lingus, and the alleged victim . . . was a child under the age of 13 years, and that . . . Defendant was at least 18 years of age, then

it would be your duty to return a verdict of guilty.

The verdict sheets reflected the distinction between the two counts. On the first verdict sheet, the charge was written as "statutory sex offense with a child by [an] adult, *penetration, however slight, by an object into the genital opening of a person's body*." (Emphasis added). On the second verdict sheet, the charge was "statutory sex offense with a child by [an] adult, *analingus*." (Emphasis added).

The trial court reviewed the proposed jury instructions with counsel before charging the jury; there was no objection to the jury instructions, and counsel consented to the proposed charge without modifications or additions. Additionally, neither attorney objected to the verdict sheets. The jury subsequently returned verdicts finding Defendant guilty of both counts of statutory sex offense with a child by an adult.

The facts presented before us in this case are similar to those presented to this Court in *State v. Scott*, 278 N.C. App. 585, 863 S.E.2d 194 (2021). In *Scott*, the defendant was charged with two counts of sexual activity by a substitute parent, with one count based on cunnilingus and one count based on fellatio. 278 N.C. App. at 595, 863 S.E.2d at 201. The trial court gave the jury distinct instructions for each count, and the jury returned verdicts finding the defendant guilty of both charges. *Id.* at 593–94, 863 S.E.2d at 200–01. On appeal, the defendant "argue[d] that he [wa]s being punished twice for a single offense because the sexual acts upon which his convictions were based were perpetrated during the same incident." *Id.* at 595, 863 S.E.2d at 201.

This Court disagreed, explaining that "[w]hile the crime is the same in each count, each count represents a different charge—*a separate instance of commission of the crime based on a distinct predicate act*." *Id.* (emphasis added). "Even when multiple sex acts occur in a single transaction or a short span of time, each act is a distinct and separate offense." *Id.* (cleaned up).

Similarly, in the case before us, while the two charges were based on the same crime—statutory sex offense with a child by an adult—the trial court properly instructed the jury on the "distinct predicate act" underlying each count. *Id.* Accordingly, we cannot discern error in the trial court's charge to the jury, much less a fundamental error that "had a probable impact on the jury's finding that . . . [D]efendant was guilty." *Jackson*, 293 N.C. App. at 140, 899 S.E.2d at 403 (citation omitted).[3] Defendant's argument is overruled.

### III.   Conclusion

For the foregoing reasons, we conclude that Defendant received a fair trial, free from error.

---

[3] Defendant alternatively maintains "that the trial court erred in sentencing him" because "both the North Carolina Constitution . . . and the United States Constitution . . . prohibit multiple sentences for a single offense." Defendant recognizes that he "made no constitutional argument (double jeopardy) in the trial below, and that [c]onstitutional issues not raised and passed upon at trial will not be considered for the first time on appeal"; nevertheless, he "requests this Court to review this alternative issue pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure in order to prevent manifest injustice." Insofar as we have determined that there was no error in Defendant's two convictions, there was likewise no error in his sentences based upon those convictions. We thus decline to exercise our discretion to invoke Rule 2, as this case presents no "manifest injustice" justifying its use. N.C.R. App. P. 2; *see also State v. Gettleman*, 275 N.C. App. 260, 272, 853 S.E.2d 447, 455 (2020), *disc. review denied*, 377 N.C. 557, 858 S.E.2d 286, 290 (2021).

NO ERROR.

Judges STROUD and COLLINS concur.

Report per Rule 30(e).